IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laiane Rodrigues da Silva,<br><br>       Petitioner,<br><br>v.<br><br>Fred Figueroa, *et al.*,<br><br>       Respondents. | No. CV-25-04015-PHX-JJT (MTM)<br><br>**ORDER** |

Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 challenging her immigration detention.[1] (Doc. 1.) In its October 31, 2025 order, the Court ordered Respondents to show cause ("the OSC") why the Petition should not be granted. The OSC is fully briefed. (Docs. 11-12.) The Petition is granted, and Respondents must either release Petitioner from custody or provide a bond hearing within seven days.

**I.    Background**

As detailed in the OSC, Petitioner is a citizen of Brazil who entered the United States in August 2019. Petitioner was detained on September 6, 2025, and that same day, Petitioner was issued a Notice to Appear identifying her as "an alien present in the United States who has not been admitted or paroled[,]" not as an arriving alien. (Doc. 1 ¶ 21.) Petitioner was denied bond because the Immigration Judge classified Petitioner as an "arriving alien" under § 1225(b)(2)(A) and therefore subject to mandatory detention. (Doc. 1 ¶ 25.)

---

[1] Petitioner paid the filing fee for a habeas corpus action.

Petitioner filed the instant Petition challenging Respondents' interpretation of 8 U.S.C. § 1225(b)(2)(A) as violative of the applicable statutes, her due process rights, and the Administrative Procedure Act. Petitioner requested release from custody or an order directing an Immigration Judge to conduct a bond hearing. In the OSC, the Court observed that Respondents' own documents reflect Petitioner's detention is governed by § 1226 and not § 1225(b)(2)(A) because Petitioner's Notice to Appear explicitly declined to designate her as an "arriving alien," which is the active language used to define the scope of section 1225(b)(2)(A) in its implementing regulation. 8 C.F.R. § 235.3(c)(1). (Doc. 8 at 4.)

## II.   Analysis

In their attempt to persuade the Court to reconsider its stated position, Respondents maintain the "plain language of the Immigration and Nationality Act [] establishes that any alien present in the United States without being admitted is indeed an 'applicant for admission' and therefore subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." (Doc. 11 at 1.) It is unclear why Respondents persist in this belief when Petitioner was placed in removal proceedings under section 212(a)(6)(A)(i) of the Immigration and Nationality Act as "[a]n alien present in the United States without having been admitted or paroled," and explicitly not as "an arriving alien" and applicant for admission under 8 U.S.C. § 1225(b). (Doc. 1, Ex. A.) They do not explain how it is possible, much less appropriate, to recharacterize the basis for her detention after issuing her Notice to Appear. For this reason alone, Petitioner is entitled to relief.

Respondents further urge this Court to follow the recent decisions in *Vargas Lopez v. Trump*, 2025 WL 2780351, at *9 (D. Neb. Sept. 30, 2025) (finding alien properly detained under § 1225(b)(2) because he was present in United States without having been admitted, and thus an applicant for admission under § 1225(a)); *Chavez v. Noem*, 2025 WL 2730228, at *4-5 (S.D. Cal. Sept. 24, 2025) (same); *Pipa-Aquise v. Bondi*, 2025 WL 2490657, at *1 (E.D. Va. Aug. 5, 2025) (same); and *Pena v. Hyde*, No. 25-11983, 2025 WL 2108913, at *2 (D. Mass. July 28, 2025) (upholding detention under § 1225(b)(2) of

alien "present in the country but [who] has not yet been lawfully granted admission") as opposed to a recent decision from this district, *Echevarria v. Bondi, et al.,* CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *9 (D. Ariz. October 3, 2025). In *Echevarria*, Judge Lanza granted a § 2241 petition on the basis that the Petitioner, who had been present in the United States for years, was not an applicant for admission under § 1225(b)(2)(A) or subject to mandatory detention. Therein, Judge Lanza specifically noted that "[g]iven that an immigrant submits an 'application for admission' at a distinct point in time, stretching the phrase 'at the time of application for admission' to refer to a period of years would push the statutory text beyond its breaking point." *Id.* at *6. Judge Lanza concluded that—in accord with numerous other courts addressing the same issue—"Respondents' narrow focus on the language of § 1225(a)(1) fails to take account of the entirety of the statutory scheme[]" and recent Supreme Court guidance. *Id.* at *9.

The Court concurs with Judge Lanza's decision. Indeed, in contrast to the four decisions cited by Respondents, dozens of other district courts have recently held that immigration petitioners present in the United States without admission are not applicants for admission under § 1225(b)(2)(A) and, therefore, are not subject to mandatory detention. *See, e.g., Capote v. Secretary of U.S. Dep't of Homeland Sec.,* 2025 WL 3089756, *5 nn.3-4 (E.D. Mich. 2025) (noting that "[o]nly two of at least 36 district courts to have addressed this issue have held that § 1225(b)(2) applies to those in the same circumstances as Petitioner" and canvassing the relevant cases). This Court agrees with the weight of authority in determining Petitioner's detention is subject to § 1226. For these reasons, the Petition is granted, and Petitioner must receive a bond hearing without application of *Matter of Yajure Hurtado*, 29 I&N 216 (B.I.A. 2025).

Accordingly,

**IT IS THEREFORE ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

. . .

. . .

2. Respondents must provide Petitioner a bond redetermination hearing within **seven days** or otherwise release her from custody under the same conditions that existed before her detention.

3. Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing her a bond hearing.

4. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 18th day of November, 2025.

Honorable John J. Tuchi
United States District Judge